### 21441. CITY COUNCIL OF AUGUSTA *et al.* v. YOUNG.

HEAD, Presiding Justice. The common-law writ of mandamus, and not the extraordinary writ of injunction, was the proper remedy to seek to test the issue made by the pleadings and the stipulation of the parties in the present case. While the parties have attempted by their stipulation to eliminate the question of whether or not injunction would be the proper remedy, the injunction granted was entirely mandatory, and such an injunction is forbidden by our law. *Code* § 55-110. The trial judge erred in granting the interlocutory injunction.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962.

*Fulcher, Fulcher, Hagler & Harper,* for plaintiffs in error.
*Sanders, Thurmond, Hester & Jolles, Carl E. Sanders, Ben Swain McElmurray, Jr.,* contra.

Ellis Young, Jr., brought his petition against the City Coun-

cil of Augusta, its Finance Committee, and the Comptroller of the city, in which he alleged: The plaintiff, formerly a fireman employed by the city, was injured in the line of duty on August 1, 1958, and his application for retirement based on permanent and total disability was approved on March 21, 1960. Thereafter he received his retirement pension each month, as provided under specified acts of the General Assembly. On July 1, 1960, he filed a claim with the State Board of Workmen's Compensation for the injury received on August 1, 1958, and this claim was adjudicated favorably to him. The Finance Committee directed that his pension be reduced by the amount of compensation awarded, and the Comptroller has stopped payment on his pension check. He is entitled to receive his pension each month without any reduction as a result of the award by the State Board of Workmen's Compensation. He "has no speedy and adequate remedy at law for the reason that there will be a multiplicity of suits involved in order to justly compensate" him.

It was prayed that the defendants be temporarily and permanently restrained and enjoined "from refusing to pay to the plaintiff his retirement pension which was heretofore approved by the City Council of Augusta, and which he has been receiving."

The parties entered into a stipulation of facts, in which they agreed that the sole issue to be determined is whether or not the plaintiff is entitled to the continuation of monthly pension payments, and if so, whether the defendants should be restrained and enjoined from discontinuing to make the payments which they had been making prior to the final award for workmen's compensation benefits. It was further stipulated that the plaintiff has no adequate remedy at law, and that a multiplicity of suits would be involved without the intervention of the equitable powers of the court in order for the plaintiff to collect each monthly pension check as it becomes due and payable.

The trial judge entered a decree restraining and enjoining the defendants "from discontinuing to make the regular monthly pension payments" to the plaintiff and "from taking any action to prevent his receiving said checks in the full amount and on the

492

dates which they are regularly paid, including the pension check they now hold for the months of March and April, 1961, and such others which may have become due."

The defendants excepted to this judgment as being contrary to law and the evidence contained in the stipulation of facts, on the ground that the plaintiff was not entitled to both the pension and the workmen's compensation award for the same injury.